### UNITED STATES of America, Appellee,

v.

### John W. HINCKLEY, Jr., Appellant.

### No. 97–3183.

United States Court of Appeals, District of Columbia Circuit. .

April 27, 1999.

Before: EDWARDS, Chief Judge; WALD, SILBERMAN, WILLIAMS, GINSBURG, SENTELLE, HENDERSON, RANDOLPH, ROGERS, TATEL and GARLAND, Circuit Judges.

Circuit Judges GINSBURG, SENTELLE, KAREN LeCRAFT HENDERSON and RANDOLPH would grant the petition for rehearing en banc.

A statement of Circuit Judge KAREN LeCRAFT HENDERSON dissenting from the denial of rehearing en banc, joined by Circuit Judges GINSBURG and SENTELLE, is attached.

Before: WALD, WILLIAMS and HENDERSON, Circuit Judges.

* Circuit Judge Henderson would grant the peti-

### ORDER

April 27, 1999.*

PER CURIAM.

. Upon consideration of appellee's petition for rehearing filed March 1, 1999, and of the response thereto, it is

ORDERED that the petition be denied.

### *ORDER*

On Appellee's Suggestion for Rehearing *En Banc*

PER CURIAM:

. Appellee's petition for rehearing *en banc* and the response thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular, active service did not vote in favor of the petition. Upon consideration of the foregoing, it is

ORDERED that the petition be denied.

KAREN LeCRAFT HENDERSON, Circuit Judge, with whom GINSBURG and SENTELLE, Circuit Judges, join, dissenting from the denial of rehearing en banc:

The panel decision in this case sets a wrong and a *dangerous* precedent. The decision is wrong for the reason I addressed at length in my panel dissent, *Hinckley v. United States,* 163 F.3d 647, 656–61 (D.C.Cir.1999): Section 24–301 of the District of Columbia Code, as previously construed by this court, permits an inmate acquitted by reason of insanity to be "conditionally released under supervision" from hospital grounds only "if, after a hearing and weighing the evidence, the [district] court shall find that the condition of such person warrants his conditional release." D.C.Code section 24–301(e); *see United States v. Ecker,* 543 F.2d 178, 183 (D.C.Cir.1976) (statutory procedure applies "when, and if, the patient is to cross the hospital boundary"). It is dangerous because it leaves to hospital administrators, rather than to judges as the Congress intended, final say in whether to release

tion for rehearing.

among the public members of what this court has justifiably called an "exceptionally dangerous class." *Ecker,* 543 F.2d at 186. That the panel's removal of the statutory check on hospital discretion compromises public safety is well illustrated in the history of Hinckley's commitment. Twice before his "conditional release under supervision" was prevented because of facts uncovered only after the hospital recommended release and the statutory procedure had commenced. *See United States v. Hinckley,* 967 F.Supp. 557, 558 (D.D.C. 1997); *United States v. Hinckley,* 725 F.Supp. 616 (D.D.C.1989). And Hinckley is not the only dangerous person the statutory procedure has kept from public circulation. *See, e.g., United States v. Snyder,* 529 F.2d 871 (D.C.Cir.1976); *United States v. Ecker,* 479 F.2d 1206 (D.C.Cir. 1973). The full court's decision to leave intact the panel disposition hamstrings the statutory safeguard against such menaces.* Accordingly, I dissent from denial of the government's petition for rehearing and for rehearing *en banc.*

---

* Requiring court approval upon the government's objection to a proposed attended release will not, as St. Elizabeths predicts, impose a "significant burden" on the hospital's administration. As the panel majority acknowledged, the government never objected to such a release before Hinckley and intended to do so in other cases only when it "thought court intervention would be necessary, based on concerns for public safety." 163 F.3d at 656.